UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TNT USA, INC.,

                            Plaintiff,                      **ORDER**
                                                                              CV 09-481 (JS)(ARL)
       -against-

DHL EXPRESS (USA), INC.,

                            Defendant.
-----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is defendant's letter application dated December 22, 2010 seeking to compel (i) the deposition testimony of Mark Gunton, a senior executive in TNT's parent organization, and (ii) the production of information concerning the rates TNT charges its affiliates for domestic shipping services in the United States. Defendant seeks the court's permission to electronically file the within motion under seal. Plaintiff opposes the motion.

      Defendant's motion to produce Mark Gunton for a deposition is granted. Mr. Gunton is a party to e-mail communications with representatives of TNT's parent company that reference a plan to move away from DHL, and the issue of whether TNT planned to terminate its relationship prior to November 2008 is at the core of this litigation. The defendant's motion to compel discovery concerning rates charged to TNT's affiliates and shipping costs is also granted. Given the deposition testimony of Mr. Ernst strongly supports an inference that the rates TNT charged may have been passed on to the customer, the court will permit inquiry on this issue. Defendant's application to electronically file the within motion under seal is denied. The court's review of the unredacted copy of defendant's motion reveals nothing of a confidential nature. Accordingly, the document should be filed in its unredacted form, notwithstanding the stipulated protective order.

      Also before the court is plaintiff's letter application dated December 23, 2010 seeking (i) to compel the production of documents, or in the alternative, (ii) to compel an inspection of DHL's computer system, and (iii) a favorable inference or sanctions. Plaintiff seeks the court's permission to electronically file the within motion under seal. Defendant opposes the motion.

      Plaintiff's motion to compel the production of "highly relevant documents that TNT has produced, and which DHL has not managed to find" is denied. At a status conference held before the undersigned on November 22, 2010, the court directed defendant to conduct another search of its electronically store information for the period of May 2008 through November 2008 and produce all e-mail communications between TNT and DHL during that time period. Plaintiff lists four documents, to wit (1) August 12, 2008 "White Spaces" Memo; (2) October 30, 2008 Whisper Call Documents; (3) November 11, 2008 DHL Email Attaching the Form Letter; and (4) April 1, 2009 DHL "Not Exiting the U.S." Letter, that TNT produced and DHL has not produced. Based on DHL's failure to produce these documents, plaintiff avers that there is a

deficiency in defendant's production and that it should therefore be given the right to inspect the DHL computer system for these and related documents. The court notes that the April 1, 2009 e-mail communication is outside the time period specified in this court's order for DHL's research of its electronically stored information. With respect to the other three documents that DHL has been unable to find, the court takes the representation of defense counsel as an officer of the court that it conducted a comprehensive re-search of its electronically stored information, including reviewing the initial search protocol, searching all electronically stored information previously collected by DHL and re-searching the contents of hard drives and e-mail boxes. The court reminds counsel of the continuing obligation to search for and produce any additional e-mail communications for the relevant time period. The plaintiff's motion to compel an inspection of DHL's computer system and for sanctions is denied. Plaintiff's application for a favorable inference is reserved for the trial judge. Plaintiff's application to electronically file its motion under seal is denied. The court's review of the unredacted copy of plaintiff's motion reveals nothing of a confidential nature. Accordingly, the document should be filed in its unredacted form, notwithstanding the stipulated protective order.

Dated: Central Islip, New York  **SO ORDERED:**
   January 6, 2011

                  _____/s_____
                  ARLENE ROSARIO LINDSAY
                  United States Magistrate Judge