```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TNT USA, INC.,
                                                 MEMORANDUM & ORDER
                                                 09-CV-0481(JS)(ARL)
                    Plaintiff,

          -against-

DHL EXPRESS (USA), INC.,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Gary Alexander Stahl, Esq.
                    Jeffrey W. Pagano, Esq.
                    Crowell & Moring LLP
                    590 Madison Avenue
                    New York, NY 10022


For Defendant:      Joseph F. Donley, Esq.
                    Meredith Schaum, Esq.
                    Dechert LLP
                    1095 Avenue Of The Americas
                    New York, NY 10036

                    Andrew S. Wong. Esq.
                    Christopher S. Ruhland, Esq.
                    Edwin V. Woodsome, Esq.
                    William W. Oxley, Esq.
                    Dechert LLP
                    633 West 5th Street
                    26th Floor
                    Los Angeles, CA 90071
```

SEYBERT, District Judge:

        Pending before the Court is Plaintiff TNT USA, Inc.'s ("Plaintiff" or "TNT") request that the Court reconsider two portions of its May 2, 2011 Memorandum & Order affirming certain of Magistrate Judge Lindsay's decisions (the "May Order").

Specifically, TNT seeks reconsideration of the orders compelling (1) discovery concerning shipping rates charged to TNT's affiliates; and (2) the related deposition of Alan Corps. For the reasons that follow, TNT's motion for reconsideration (Docket Entry 71) is GRANTED IN PART.

DISCUSSION

The May Order sets forth the relevant facts of this dispute. TNT objects to discovery concerning the rates it charged its overseas affiliates because it argues that New York conclusively rejects "pass-on" inquiries in breach of contract cases. In the May Order, the Court concluded that Defendant DHL Express (USA), Inc. ("Defendant" or "DHL") had made a colorable argument that it was entitled to an exception to the rule that a plaintiff's "passing on" of higher costs is irrelevant in breach of contract cases. May Order at 3-4. In so deciding, the Court did not place the proper significance on the dearth of New York contract cases extending the pass-on theory from antitrust litigation to the breach of contract context. Upon further reflection, the Court is persuaded that a pass-on inquiry would be inappropriate in this case. See Orange & Rockland Utilities, Inc. v. New England Petroleum Corp., 60 A.D.2d 233, 400 N.Y.S.2d 79 (1st Dep't 1977).

In view of Orange & Rockland Utilities and New York cases establishing that breach of contract damages are

2

established at the time of the breach, see, e.g., Sharma v. Skaarup Ship Management Corp., 916 F.2d 820, 825 (2d Cir. 1990), cert. denied, 499 U.S. 907 (1991), the conclusion in the Court's May Order is reasonably altered. See Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

## CONCLUSION

The decision compelling discovery concerning shipping rates charged to TNT's affiliates was contrary to law and is VACATED. See Weiss v. La Suisse, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001). Inasmuch as Judge Lindsay granted DHL's motion to compel the deposition of Alan Corps on topics beyond the shipping rates TNT charged to its affiliates, that deposition may still go forward, except that counsel shall not pursue questions related to the rates charged to TNT's affiliates.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   June  7 , 2011
         Central Islip, New York

3